[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15850
Non-Argument Calendar
_____

Agency No. A094-056-420

MISAEL GARCIA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 23, 2012)

Before DUBINA, Chief Judge, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner Misael Garcia, a native and citizen of El Salvador, seeks review

of the Board of Immigration Appeal's ("BIA") denial of his motion to reopen

removal proceedings.  Garcia sought temporary protected status before the agency, but the BIA affirmed the Immigration Judge's ("IJ") denial of his application based upon the fact that Garcia had two Florida state convictions, one for petit theft and one for trespass on land, both of which are misdemeanors.  In his motion to reopen removal proceedings, Garcia conceded that the BIA properly denied temporary protected status based upon his convictions.  Nonetheless, he presented evidence that, although he sought to vacate both of his convictions, his attorneys ("post-conviction counsel") rendered ineffective assistance by failing to properly file post-conviction motions, thereby justifying reopening.

Garcia now argues that the BIA abused its discretion in denying his motion to reopen removal proceedings by: (1) requiring him to show that new evidence would likely change the result of his case instead of analyzing whether post-conviction counsel's performance was so inadequate that the outcome may have been affected; (2) requiring him to produce evidence that was unavailable, and could not have been discovered or presented at his former hearing; (3) concluding that his evidence was immaterial because his pursuit of post-conviction relief did not alter its previous finding that his convictions remained valid for immigration purposes, and that he remained ineligible for temporary protected status regardless of whether post-conviction counsel properly

2

filed post-conviction motions; and (4) failing to adequately consider his evidence and claims, and explain its decision.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009). Review is limited to determining "whether the BIA exercised its discretion in an arbitrary or capricious manner." *Id*. A motion to reopen must state new facts that will be proven at a hearing, and will not be granted unless the evidence sought to be offered is material and was unavailable and could not have been discovered or presented at the former hearing. INA § 240(c)(7)(B), 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1); *Verano-Velasco v. U.S. Att'y Gen.*, 456 F.3d 1372, 1376 (11th Cir. 2006). Evidence is "new" where it was unavailable at the time of the alien's removal hearing. *See Verano-Velasco*, 456 F.3d at 1377. Likewise, evidence is "material" if it would likely change the result in the case upon reopening. *See Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256-57 (11th Cir. 2009). Thus, an alien moving to reopen his removal proceedings bears a "heavy burden," and must present evidence that satisfies the BIA that the new evidence offered would likely change the result of the case. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 813 (11th Cir. 2006) (citing *In re Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992)). A failure to produce material and previously unavailable evidence justifies the

3

denial of a motion to reopen.  *See Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1374-75 (11th Cir. 2007).

Aliens have a Fifth Amendment due process right to effective assistance of counsel in the context of a removal hearing, and a claim of ineffective assistance of counsel may form the basis of a motion to reopen.  *See Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1273-74 (11th Cir. 2005).  In order to establish ineffective assistance of counsel, the alien must demonstrate that counsel's performance was deficient to the point that it impinged upon the fundamental fairness of the hearing so that the alien was unable to reasonably present his case.  *Id.* (internal quotation marks omitted).  Additionally, the alien must demonstrate that counsel's performance prejudiced him, which requires a showing that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different.  *See id*. at 1274.  Nonetheless, a state court is the proper forum for a collateral attack upon a state conviction.  *See Mohammed v. Ashcroft*, 261 F.3d 1244, 1251 (11th Cir. 2001) (noting that where the petitioner alleged an error with respect to a state court conviction the proper remedy was a collateral attack upon that conviction in the state court).

The Attorney General may grant temporary protected status to aliens who are nationals of designated foreign states and meet other requirements.  INA

§ 244A(a)(1), (b), (c), 8 U.S.C. § 1254a(a)(1), (b), (c); 8 C.F.R. § 1244.2.  An

alien is ineligible for temporary protected status, however, if he has been

convicted of two or more misdemeanors that were committed in the United States.

INA § 244A(c)(2)(B)(i); 8 U.S.C. § 1254a(c)(2)(B)(i); 8 C.F.R. § 1244.4(a).  The

Attorney General must withdraw temporary protected status that was granted to an

alien if the alien is, in fact, ineligible for temporary protected status.  INA

§ 244A(c)(3)(A), 8 U.S.C. § 1254a(c)(3)(A).

The BIA must consider all of the evidence introduced by the movant, but

does not have to specifically address each claim or piece of evidence where it

gives reasoned consideration to the motion and makes adequate findings.  *See Tan*

*v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006).  Nonetheless, the BIA

must announce its decision in terms sufficient to enable us "to perceive that it has

heard and thought and not merely reacted."  *Id.* (internal quotation marks omitted).

We conclude from the record that the BIA correctly required Garcia to show

that new evidence would likely change the result of his case and produce evidence

that was unavailable and could not have been discovered or presented at his

former hearing.  Because Garcia had two misdemeanor convictions and could not

collaterally attack them in the immigration proceedings, his evidence that

post-conviction counsel rendered ineffective assistance was immaterial, as it did

5

not demonstrate that he was eligible for temporary protected status.  Finally, the BIA considered Garcia's evidence, gave his claims reasoned consideration, and adequately explained its decision.  Thus, we conclude that the BIA did not abuse its discretion when it denied Garcia's motion to reopen removal proceedings.

Accordingly, we deny the petition for review.

**PETITION DENIED.**